```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JOSE A. RODRIGUEZ, JR.,            )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 18-243 WES
                                   )
COURTNEY E. HAWKINS, in her        )
official capacity as Director of   )
the Rhode Island Department of     )
Human Services,                    )
                                   )
        Defendant.                 )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

In a Report and Recommendation ("R&R") (ECF No. 3) on May 16, 2018, Magistrate Judge Lincoln D. Almond recommended that the Court grant Plaintiff's Motion To Proceed in Forma Pauperis (ECF No. 2) and dismiss Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Having reviewed the R&R and relevant filings, and having heard no objections, the Court accepts the R&R and adopts its recommendations and reasoning. The Court, therefore, GRANTS Plaintiff's Motion To Proceed in Forma Pauperis (ECF No. 2) and DISMISSES Plaintiff's Complaint (ECF No. 1), with prejudice, pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

/s/ W E Smith
_____
William E. Smith
Chief Judge
Date: June 7, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSE A. RODRIGUEZ, JR.       :
                             :
v.                           :    C.A. No. 18-00243-WES
                             :
COURTNEY E. HAWKINS, in her official    :
capacity as Director of the Rhode Island :
Department of Human Services :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On May 4, 2018, Plaintiff Jose A. Rodriguez, Jr. filed this pro se "Class Action" against Courtney E. Hawkins, in her official capacity as Director of the Rhode Island Department of Human Services. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against

a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since

they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff's Class Action Complaint alleges that the State of Rhode Island is failing to process Supplemental Nutrition Assistance Program ("SNAP") applications within the time frame mandated by federal law. Plaintiff's pro se handwritten Complaint is substantially copied from the Class Action Complaint pending before this Court as Gemmell v. Affigne, C.A. No. 1:16-CV-00650-WES. The Gemmell case was filed on December 8, 2016 by experienced class counsel from the National Center for Law and Economic Justice. On February 28, 2017, Chief Judge Smith entered a Stipulation and Order of Settlement resolving the Gemmell case and obligating the Defendant to comply with the timely processing requirements for food stamps and to accurately report this processing to Plaintiffs. See ECF Doc. No. 24 at p. 1 in C.A. No. 1:16-CV-00650-WES. Compliance with the Order of Settlement in Gemmell is currently under the active supervision of a Court-appointed Special Master. Plaintiff has cited no legal grounds to reopen or relitigate the class allegations made and settled in the Gemmell case in this new litigation.

I recommend that Plaintiff's attempted "knock off" class action lawsuit be dismissed for two reasons. First, as stated, it is completely duplicative of the relief sought and the Special Master's ongoing efforts in the Gemmell case. Second, Plaintiff may not pursue a Class Action Complaint as a pro se litigant. The law is clear that a pro se plaintiff cannot adequately represent and protect the interests of a Rule 23 class of litigants. See Harris v. Perry, No. 15-222-ML, 2015 WL 4879042 at *4 (D.R.I. July 15, 2015) (citing Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005)). Furthermore, a pro se plaintiff's ability to sue for anyone other than himself is expressly prohibited

by the Local Rules of this Court.  See D.R.I. Local Rule Gen. 205(a)(2) ("An individual appearing pro se may not represent any other party..."). Thus, Plaintiff is not legally authorized to proceed pro se with this class action litigation.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED.  However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Class Action Complaint be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen  days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 16, 2018